UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID ARTEAGA TORRES,

        Plaintiff,

     v.

WARDEN, FLORIDA SOFT SIDE
DETENTION CENTER,  U.S.
ATTORNEY GENERAL,

        Defendants.

Case No. 2:26-cv-1231-KCD-NPM

_____/

## **ORDER**

Petitioner David Arteaga Torres is a Cuban citizen with a final order of removal. (Doc. 7-1.)[1] He was recently detained by U.S. Immigration and Customs Enforcement ("ICE"). He now seeks a writ of habeas corpus under 28 U.S.C. § 2241. As best the Court can tell from the pro se petition, he argues that his continued detention violates the Fifth Amendment as interpreted by *Zadvydas v. Davis*, 533 U.S. 678 (2001). (Doc. 1.) The Government opposes the petition. (Doc. 7.) For the reasons below, the petition is **DENIED WITHOUT PREJUDICE**.

## **I. Background**

Torres was paroled into the United States in 2005. (Doc. 7-1 at 2.) By 2014, he had a felony fraud conviction. (*Id.*) He was then placed in removal

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

proceedings and ordered removed. (*Id.* at 8-9.) But he was not deported. Instead, the Government released him on on an order of supervision.

On February 20, 2026, immigration enforcement determined it was appropriate to detain Torres once more. (Doc. 7-1 at 4.) He was served a notice of revocation and provided an informal interview. (*Id.* at 4-5.) ICE intends to remove him to Mexico. (*Id.* at 10.) On March 9, 2026, ICE transported Torres to the Mexican border, but he refused to exit the transport bus. (Doc. 7-2.)

## II. Legal Framework

The federal habeas statute, 28 U.S.C. § 2241, provides authority to issue writs of habeas corpus when an individual is "[i]n custody in violation of the Constitution or law or treaties of the United States." *Id.* § 2241(c)(3). "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). "Section 2241 authorizes federal courts to hear challenges to immigration detention." *Grigorian v. Bondi*, No. 25-CV-22914-RAR, 2025 WL 2604573, at *2 (S.D. Fla. Sept. 9, 2025).

## III. Discussion

The Government first argues that we lack jurisdiction to address Torres's claims under 8 U.S.C. § 1252(g). (Doc. 1 at 3-4.) This Court has

2

already addressed these precise arguments and rejected them for the same reasons they fail today. *See Obando-Vargas v. Assistant Dir.*, No. 2:26-CV-265-KCD-NPM, 2026 WL 796804, at \*1-2 (M.D. Fla. Mar. 23, 2026). The Court thus turns to the merits.

The statutory framework for removal works like this: when a noncitizen's removal order becomes final, like here, the government has 90 days to effectuate removal. 8 U.S.C. § 1231(a)(1)(A). During that period, detention is mandatory. *Id.* § 1231(a)(2)(A). If the 90 days pass and the noncitizen is still here, the statute gives the government a choice: release the individual on supervision or keep them detained. *Id.* § 1231(a)(6).

But as the Supreme Court explained in *Zadvydas*, the authority to detain does not stretch into infinity. To avoid serious constitutional problems, the Court read an implicit limitation into the statute: the government may detain a noncitizen only for a period "reasonably necessary" to secure his removal. 533 U.S. at 659. And to make that rule workable, the Court established a presumption. For the first six months, detention is presumptively reasonable. *Id.* at 701. After that period has passed and the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden then shifts to the government to provide evidence sufficient to rebut that showing. *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). Thus, "in order to state a

claim under *Zadvydas*, the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Applied here, Torres cannot satisfy the initial temporal requirement. ICE took him into custody on February 20, 2026. (Doc. 7-1 at 4.) Because he has been detained just shy of three months, he remains within the window in which his detention is presumptively reasonable. *See, e.g., Grigorian v. Bondi*, Case No. 25-CV-22914-RAR, 2025 WL 1895479, at *8 (S.D. Fla. July 8, 2025); *Lopez v. Dir. of Enf't and Removal Operations*, Case No. 3:25-cv-1313-JEP-SJH, 2026 WL 261938, at *12 (M.D. Fla. Jan. 26, 2026); *Guerra-Castro v. Parra*, Case No. 25-cv-22487-GAYLES, 2025 WL 1984300 at *4 (S.D. Fla. July 17, 2025) (finding habeas petition "premature" because "Petitioner has not been detained for more than six months"). And, in any event, Torres has refused removal to Mexico, which tolls the detention period. *See Akinwale*, 287 F.3d at 1052 n.4 (stating that the "removal period shall be extended ... if the alien ... acts to prevent [his] removal subject to an order of removal"); *Quo Zing Song v. U.S. Atty. Gen.*, 516 F. App'x 894, 899 (11th Cir. 2013) ("The six-month period is tolled, however, if the alien acts to prevent his removal."). Thus, Torres's challenge to his continued detention fails.

4

*Brown v. Gonzalez*, No. 4:06CV525-RH/WCS, 2007 WL 2790585, at \*8 (N.D. Fla. Sept. 23, 2007).

Torres seemingly argues that his clean supervision record precludes ICE from revoking his release. (Doc. 1 at 7-8.) This argument fails. He is subject to a final removal order that stands uncontested. The INA explicitly authorizes a return to detention to effectuate such orders. 8 C.F.R. § 241.13(i)(2). And the government no doubt has a legitimate interest in doing exactly that—enforcing its laws, ensuring individuals do not flee, and protecting the public. *See Malam v. Adducci*, 469 F. Supp. 3d 767, 790 (E.D. Mich. 2020). Here, the Government revoked Torres's release specifically to enforce his outstanding removal order, gave him notice that they were doing so, and afforded him an informal interview. Returning him to custody thus serves a recognized, legitimate government objective and was done in compliance with the INA.

### IV. Conclusion

Torres's due process claim under *Zadvydas* is not yet ripe, so the habeas petition is **DENIED WITHOUT PREJUDICE** to him refiling a new petition should his current detention exceed the six-month mark, and he can demonstrate there is no significant likelihood of removal in the reasonably foreseeable future. The Clerk is **DIRECTED** to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**ORDERED** in Fort Myers, Florida on May 13, 2026.

Kyle C. Dudek
United States District Judge

6